UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Leana Ozminkowski, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Credit Bureau Data, Inc.,<br><br>Defendant. | Case No.: 18-cv-1034<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is a consumer class action brought on behalf of Wisconsin consumers subjected to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), who were sent materially deceptive and misleading debt collection letters. This law prohibits debt collectors from engaging in misleading and unfair collection practices.

2. The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices, which include falsely representing that a debt collector is a "credit bureau" when it is not.

## JURISDICTION

3. Jurisdiction of this Court arises out of events emanating from this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692 *et seq*. and 28 U.S.C § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this district.

## PARTIES

5. Plaintiff Leana Ozminkowski (hereinafter "Ms. Ozminkowski") is a natural person who resides in the County of Crawford, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Credit Bureau Data, Inc. (hereinafter "Defendant CBD") is a business with a principal office located at 518 State Street, La Crosse, WI 54601-3326, and a registered agent of Michael J. Borgen at the same address.

7. Defendant CBD is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

8. In the year prior to the filing of this case, Plaintiff received a number of collection letters from Defendant.

9. These dunning letters sent by Defendant to Plaintiff sought the collection of debts incurred with non-parties, related to the provision of medical services.

10. These debts were incurred for personal, family, and household purposes.

11. These collection letters were sent on stationary containing the name of Defendant, with the Defendant's name being clearly and conspicuously stated on the letters.

12. The FDCPA prohibits a debt collector from using any false, deceptive or misleading representations in connection with the collection of a consumer debt. See 15 U.S.C. § 1692e.

13. Defendant CBD is not a "credit bureau."

14. Defendant CBD does not compile consumer financial information on the borrowing and bill-paying habits of consumers.

15. Defendant CBD uses the term "credit bureau" in its name to intimidate consumers into thinking that it is a powerful and large corporation, houses and controls their sensitive financial data, and is the keeper of their credit report and score.

16. Defendant CBD operates only as a debt collector to consumers such as the Plaintiff.

17. Defendant's debt collection activities have nothing to do with the assembly or evaluation of consumer credit information and furnishing of that information to third parties.

18. The use of the name "credit bureau" is materially deceptive and misleading - as well as intimidating - to consumers as it improperly suggests that this debt collector is a credit bureau, when it is not.

19. The use of the name "credit bureau" is materially deceptive and misleading – as well as intimidating – to consumers as it improperly suggests that this debt collector is a credit reporting agency, or that her account with be reported to Defendant's non-existent "credit bureau."

20. Plaintiff has suffered emotional distress and mental anguish as a result of Defendant's conduct and specifically was confused and concerned about whether Defendant was a credit reporting agency.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following class:

    PLAINTIFF BRINGS THIS ACTION ON BEHALF OF A CLASS, CONSISTING OF (A) ALL NATURAL PERSONS IN THE STATE OF WISCONSIN (B) WHO WERE SENT A WRITTEN COMMUNICATION FROM DEFENDANT, (C) SEEKING TO COLLECT A DEBT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES, (D)

IN THE ONE YEAR PRIOR TO THE DATE THIS CASE WAS FILED, (E) THAT WAS NOT RETURNED BY THE POSTAL SERVICE.

22. Upon information and belief, the class is so numerous that joinder of all members is impracticable. The precise number of Class members is known only to Defendant, but is believed to be greater than 40.

23. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The predominant common question is whether the Defendant's use of the name "credit bureau" violates 15 U.S.C. §1692e(16).

24. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

25. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful collection practices. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

26. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of

      separate claims against Defendants is slight because the maximum statutory damages are limited to $1,000.00 under the FDCPA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

28.    This Class Action seeks statutory damages for the class based on the common injuries sustained by Plaintiff and the putative class.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30.    Defendant's collection letters violate the FDCPA by making false, deceptive or misleading representation in connection with the collect of a consumer debt, violating 15 U.S.C. §1692e.

31.    Specifically, Defendant falsely represented and/or implied that it operates (or is employed) by a consumer reporting agency, in express violation of 15 U.S.C. § 1692e(16).

32.    Defendant's practice of sending letters to consumer falsely purporting to be a credit reporting agency or credit bureau is an unfair practice in violation of 15 U.S.C. §1692f.

33.    Defendant's practice of sending letters to consumer falsely purporting to be a credit reporting agency or credit bureau is conduct the natural consequent is to harass and/or oppress the consumer in violation of 15 U.S.C §1692d.

34. Plaintiff has suffered actual damages as a result of these illegal collection communications.

35. Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7; Fed. R. Civ. Pro. 38.

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- Certify this matter as a class action and appoint Plaintiff as the class representative and her attorneys as class counsel;
- That judgment be entered against Defendant for actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);
- That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;
- That the Court grant declaratory and injunctive relief, in the form of finding Defendant's conduction to violate the law and prohibiting them from continuing their collection practices; and
- That the Court grants such other and further relief as may be just and proper.

Dated this 12th day of December, 2018.

                                              Respectfully submitted,

                                              By: s/ Nathan E. DeLadurantey
                                              Nathan E. DeLadurantey, (WI #1063937)
                                              DELADURANTEY LAW OFFICE, LLC
                                              330 S. Executive Drive, Suite 109
                                              Brookfield, WI 53005
                                              Telephone: (414) 377-0515
                                              Facsimile: (414) 755-0860

nathan@dela-law.com

Thomas J. Lyons, Jr., Esq. (MN #249646)
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommy@consumerjusticecenter.com

Zeshan Usman, 1069404
USMAN LAW FIRM, LLC
525 Junction Rd., Ste. 8520N
Madison, WI 53717
(608) 829-1112; (888) 876-2636 - Fax
E: Z@UsmanLaw.com

*ATTORNEYS FOR PLAINTIFF*